UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORTEZ ANTONIO BUTLER,

        Petitioner,        Case No. 22-cv-10249

v.        Honorable Linda V. Parker

MICHAEL BROWN,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR A STAY (ECF NO. 3), DENYING WITHOUT PREJUDICE HIS MOTION TO APPOINT COUNSEL (ECF NO. 4), AND ADMINISTRATIVELY CLOSING THIS CASE**

This matter comes before the Court on Petitioner Cortez Antonio Butler's *pro se* habeas corpus petition under 28 U.S.C. § 2254, his motion for a stay, and his motion to appoint counsel. (ECF Nos. 1, 3, & 4.) Petitioner is a state prisoner in the custody of the Michigan Department of Corrections. He is challenging his Michigan convictions for first-degree, premeditated murder, conspiracy to commit first-degree murder, and first-degree home invasion in violation of Michigan Compiled Laws §§ 750.316(1)(a), 750.157a, and 750.110a(2), respectively. (*See* ECF No. 1 at Pg ID 1; ECF No. 1-1 at Pg ID 116-17.)

In his motion for a stay, Petitioner asks the Court to stay these habeas proceedings while he exhausts the state-court remedies for claims he did not previously raise in state court. (ECF No. 3 at Pg ID 145.) In his motion for

appointment of counsel, Petitioner seeks counsel to assist him with his habeas case. (ECF No. 4 at Pg ID 147.)  For the reasons given below, the Court is granting Petitioner's motion for a stay, denying without prejudice his motion for appointment of counsel, and administratively closing this case.

## I.  BACKGROUND

Petitioner was charged in Jackson County, Michigan with (1) open murder, (2) conspiracy to commit first-degree, premeditated murder, and (3) first-degree home invasion.  (*See* ECF No. 1-1 at Pg ID 137.)  Following a jury trial in Jackson County Circuit Court, Petitioner was convicted of first-degree murder, conspiracy to commit first-degree murder, and first-degree home invasion.  (ECF No. 1-1 at Pg ID 116-17.)  The trial court sentenced Petitioner as a fourth habitual offender to life imprisonment without the possibility of parole for the murder and conspiracy convictions, and 50 to 70 years in prison for the home invasion conviction.  (*Id*. at Pg ID 117.)

Petitioner filed an appeal of right, but the Michigan Court of Appeals affirmed his convictions.  *See People v. Butler*, No. 335767, 2018 WL 1072808 (Mich. Ct. App. Feb. 27, 2018).  Petitioner then appealed to the Michigan Supreme Court, which denied leave to appeal on October 28, 2020, because the Court was not persuaded to review the questions presented.  *People v. Butler*, 949 N.W.2d 714 (Mich. 2020).  Petitioner's pending federal habeas corpus petition and motions

were filed on January 28, 2022. Petitioner raises thirteen grounds for relief in his petition. However, as noted above, Petitioner seeks a stay of this matter while he exhausts state remedies for some of his claims.

## II. DISCUSSION

The doctrine of exhaustion requires state prisoners to give the state courts an opportunity to act on their claims before they present the claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Ordinarily, federal district courts must dismiss habeas petitions containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

However, a dismissal of this case while Petitioner pursues additional remedies in state court likely will result in a subsequent habeas petition being barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized the gravity of the problem caused by the interplay between the habeas statute of limitations and *Lundy's* dismissal requirement. To solve the problem, the Supreme Court

approved a stay-and-abeyance procedure, which permits district courts to hold a habeas petition in abeyance while the petitioner returns to state court to pursue state-court remedies for previously unexhausted claims. *See id*. at 275. "Once the petitioner exhausts his state remedies, the district court [can] lift the stay and allow the petitioner to proceed in federal court." *Id.* at 275-76.

This stay-and-abeyance procedure normally is available when the petitioner has good cause for the failure to exhaust his state remedies first in state court, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner is engaged in intentionally dilatory litigation tactics. *Id*. at 277-78. If the prisoner satisfies those conditions, the district court should stay, rather than dismiss, the petition. *Id*. at 278.

In his motion for a stay, Petitioner does not explain which of his current claims are exhausted and which claims are not exhausted. It appears from his habeas petition, however, that Petitioner raised some, but not all, of his claims in the Michigan Court of Appeals. (*Compare* ECF No. 1 at Pg ID 7, 22, 24, 29, & 48 (commenting or noting that he raised his first, fourth, fifth, sixth, and thirteenth claims on appeal) *with id*. at Pg ID 52, 54, and 33 (noting that his second, third, and seventh claims were not raised on appeal).) Other portions of the petition are too faint to read (*see id*. at Pg Id 42-45), and some of Petitioner's allegations about exhausting state remedies are ambiguous. For example, Petitioner asserts in his

petition that he raised his eighth claim on appeal from the judgment of conviction, but in his next statement, he says that appellate counsel failed to raise the issue in the appellate brief. (*See id*. at Pg ID 37.) Elsewhere, Petitioner checked both "yes" and "no" in response to question 13(a), which asks: "Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?" (*Id*. at Pg Id 57.)

Despite the difficulty in determining whether Petitioner raised all his claims at all levels of state-court review, it is clear that at least some of the claims were not raised on direct appeal. The Court, therefore, concludes that the habeas petition is a "mixed" petition of exhausted and unexhausted claims. To be entitled to a stay, Petitioner must show good cause for the failure to exhaust his state remedies first in state court, that his unexhausted claims are potentially meritorious, and that he is not engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. 277-78.

There is no indication in Petitioner's habeas petition or pending motions that he is engaged in intentional delaying tactics. Next, even though the claims he identifies as unexhausted may prove to be inadequate grounds for habeas relief, they are not plainly meritless. Lastly, Petitioner implies that appellate counsel was "cause" for his failure to exhaust state remedies before filing his habeas petition.

5

Accordingly, for the reasons given above, the Court is **GRANTING** Petitioner's motion to stay under several conditions. First, Petitioner shall file a motion for relief from judgment in the state trial court **within sixty (60) days** of the date of this order if he has not already done so. If Petitioner is unsuccessful in state court, he shall file an amended habeas corpus petition and a motion to lift the stay in this case **within sixty (60) days** of exhausting state remedies. Failure to comply with this order could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

As these habeas proceedings will be stayed and may not reopen if Petitioner is successful in state court, his motion to appoint counsel is **DENIED WITHOUT PREJUDICE**. The Clerk of Court shall **ADMINISTRATIVELY CLOSE** this case.

 **IT IS SO ORDERED**.

              s/ Linda V. Parker
              LINDA V. PARKER
              U.S. DISTRICT JUDGE

Dated: July 28, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 28, 2022, by electronic and/or U.S. First Class mail.

              s/Aaron Flanigan
              Case Manager